UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WINNIE SABBAT,

                       **Plaintiff,**

    -against-

COLORSxSTUDIOS, INC.,
COLORSxSTUDIOS GMBH, and
JONAS WEBER,

                       **Defendants.**
------------------------------------------------------------------------X

**ANSWER**

Case No. 25-cv-05819

      Defendants COLORSxSTUDIOS, Inc. ("COLORS"), COLORSxSTUDIOS GmbH ("GmbH"), and Jonas Weber ("Weber") (collectively, "Defendants"), by their attorneys, Cozen O'Connor, answer the Complaint filed on July 15, 2025 ("Complaint") as follows:

      1.      Paragraph 1 of the Complaint purports to summarize the bases for this action brought by Plaintiff to which no response is required. However, to the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 1.

      2.      Paragraph 2 of the Complaint states conclusions of law to which no response is required. However, to the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 2.

      3.      Paragraph 3 of the Complaint states conclusions of law to which no response is required. However, to the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 3.

      4.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

      5.      Defendants admit the allegations contained in Paragraph 5 of the Complaint.

2

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit that COLORS and GmbH share certain leadership and aspects of operations, but otherwise deny the allegations contained in Paragraph 7 of the Complaint and aver that the allegations are vague and ambiguous.

8. Defendants admit that COLORS provides services that includes an online platform to showcase artists from around the globe, and otherwise deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit that Weber was the Chief Executive Officer of COLORS during Plaintiff's employment with the company and presently is in that position, and otherwise deny the allegations contained in Paragraph 10 of the Complaint and aver that the term "at all times relevant herein" is vague, ambiguous, and undefined.

11. Paragraph 11 of the Complaint states conclusions of law to which no response is required. However, to the extent a response is deemed required, Defendants admit that Plaintiff was employed by COLORS for a period of time, and otherwise deny the allegations contained in Paragraph 11 and aver that the term "at all times relevant herein" is vague, ambiguous, and undefined.

12. Defendants admit that Plaintiff mostly performed her job duties remotely from her home, and otherwise deny the allegations contained in Paragraph 12 of the Complaint and aver that the term "at all times relevant herein" is vague, ambiguous, and undefined.

13. Paragraph 13 of the Complaint states conclusions of law to which no response is required. However, to the extent a response is deemed required, Defendants admit that Plaintiff was employed by COLORS for a period of time, and otherwise deny the allegations contained in

Paragraph 13 and aver that the term "at all times relevant herein" is vague, ambiguous, and undefined.

14. Defendants admit that Plaintiff began working as a consultant to GmbH on August 1, 2023, and otherwise deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants admit that Plaintiff became an employee of COLORS beginning on April 18, 2024, and admit that Plaintiff was offered a position on the Board of Directors of GmbH, and otherwise deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants admit the allegations contained in Paragraph 16 of the Complaint.

17. Defendants admit that Plaintiff accepted an offer of employment by COLORS, and admit that Plaintiff began employment as Chief Financial Officer effective as of April 18, 2024, and otherwise deny the allegations contained in Paragraph 17 of the Complaint.

19. Defendants admit that Plaintiff's job responsibilities with COLORS included, among others, working with the company's finance team, relationships with company investors, certain budgeting and financial forecasting, and supporting the roles of the company's management team, and otherwise deny the allegations contained in Paragraph 18 of the Complaint. Defendants admit that Plaintiff reported directly to Weber, and otherwise deny the allegations contained in Paragraph 19 of the Complaint, and aver that the term "work closely with" is vague, ambiguous, and undefined.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint, and aver that the term "flirtatious dialogue" is vague, ambiguous, and undefined.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 21 of the Complaint, and aver that the term "during this time" is vague, ambiguous, and undefined. Defendants admit that Plaintiff

told Weber that she began developing romantic feelings for him and that Plaintiff asked Weber if he was interested in exploring a personal relationship with her, and otherwise deny the allegations contained in the second sentence of Paragraph 21.

22. Defendants admit that Weber at all times declined any interest or desire to explore a personal relationship, and otherwise deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 23 of the Complaint. Defendants admit that Weber was interested only in maintaining a professional working relationship with Plaintiff, and otherwise deny the allegations contained in the second sentence of Paragraph 23.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants admit that Weber and Plaintiff had discussions about the frequency of communications and meetings, and otherwise deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what may or may not have become clear to Plaintiff, and otherwise deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants admit that plaintiff traveled to Berlin, Germany in March 2024 for work-related meetings and that Weber may have sat next to Plaintiff at one or more of those meetings, and otherwise deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants admit that Weber disclosed a family-related issue with several colleagues, including Plaintiff, and otherwise deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants admit that COLORS sent flowers with a birthday card signed by the "HOX Team," and that certain colleagues sent champagne, to Plaintiff on her birthday, and otherwise deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants admit that Plaintiff initially offered to have business-related meetings with Weber in her New York City apartment because the company did not yet have an office in New York City, and that Weber subsequently agreed to have business-related meetings with Plaintiff in her New York City Apartment, and otherwise deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants admit that Weber told Plaintiff on at least one occasion that he was traveling to New York for business and that he wanted to meet with her for business-related reasons, and otherwise deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiff believed she had to "go out of her way to avoid" or whether Plaintiff "attempted to remove herself" from anything, and otherwise deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether and to what extent Plaintiff was "deeply disturbed," and otherwise deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether and to what extent Plaintiff ever "reached her breaking point" and what Plaintiff may or may not have decided, and otherwise deny the allegations contained in Paragraph 47 of the Complaint, and aver that the allegations are vague, ambiguous, and undefined.

48. Defendants admit that Weber and Plaintiff had at least one discussion during which Weber expressed his frustration with Plaintiff's job-related performance and about the company's desire to have Plaintiff leave the company, and otherwise deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants admit that Plaintiff sent Weber a voice memo on or about July 28, 2024, and otherwise deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants admit that Weber always desired to have his relationship with Plaintiff remain professional and rejected Plaintiff's suggestion that they have more than a professional relationship, and otherwise deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants admit that GmbH engaged a leadership coach in or around Mid-August 2024 and admit that Plaintiff participated in certain, but not all, meetings, and otherwise deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants admit that Weber had discussions with Plaintiff about certain job-related deficiencies, and otherwise deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiff's purpose was or what Plaintiff may have believed, but admit that Weber met with Plaintiff at 667 Columbus Avenue in New York City for business-related discussions, and otherwise deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants admit that Weber had discussions with Plaintiff about certain job-related deficiencies, and otherwise deny the allegations contained in Paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what may or may not have "become clear to Plaintiff," and otherwise deny the allegations contained in Paragraph 69 of the Complaint.

70. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether and to what extent Plaintiff felt she had "no other option," but admit that Weber and Plaintiff discussed Plaintiff leaving the company and that Plaintiff offered a transition plan to the company after she was told that she was not performing her role satisfactorily and that she would likely need to leave the company, and otherwise deny the allegations contained in Paragraph 70 of the Complaint.

71. Defendants admit that Weber and Plaintiff discussed a transition plan offered by Plaintiff that contemplated Plaintiff leaving the company, and otherwise deny the allegations contained in the first sentence of Paragraph 71 of the Complaint. Defendants deny the allegations contained in the second sentence of Paragraph 71.

72. Defendants admit that COLORS sent Plaintiff a termination letter and related documents on December 11, 2024, and otherwise deny the allegations contained in Paragraph 72 of the Complaint.

73. Defendants admit that Plaintiff was asked to sign her termination letter and that Plaintiff refused to sign the letter, and otherwise deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants repeat each and every response to Paragraphs 1 through 73 of the Complaint as if set forth fully here.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Defendants repeat each and every response to Paragraphs 1 through 76 of the Complaint as if set forth fully here.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81. The first sentence in Paragraph 81 of the Complaint is garbled and unintelligible as written, and thus Defendants are not able to respond to the first sentence as written; however, to the extent a response is deemed required, Defendants deny the allegations contained in the first sentence in Paragraph 81, and aver that the term "reasonable woman" is vague, ambiguous, and undefined. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiff may have "actually believed," and otherwise deny the allegations contained in the second sentence in Paragraph 81.

82. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what an unidentified "reasonable person" would have considered, and otherwise deny the allegations contained in the first sentence in Paragraph 82 of the Complaint, and aver that the terms "reasonable person," "the conduct," "significant," "trivial," and "petty" are vague, ambiguous, and undefined. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiff may have "actually believed,"

and otherwise deny the allegations contained in the second sentence in Paragraph 82, and aver that the terms "the conduct," "trivial," and "petty" are vague, ambiguous, and undefined.

83. Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84. Defendants repeat each and every response to Paragraphs 1 through 83 of the Complaint as if set forth fully here.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. The first sentence in Paragraph 90 of the Complaint is garbled and unintelligible as written, and thus Defendants are not able to respond to the first sentence as written; however, to the extent a response is deemed required, Defendants deny the allegations contained in the first sentence in Paragraph 90, and aver that the term "reasonable woman" is vague, ambiguous, and undefined. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiff may have "actually believed," and otherwise deny the allegations contained in the second sentence in Paragraph 90.

91. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what an unidentified "reasonable person" would have considered, and otherwise deny the allegations contained in the first sentence in Paragraph 91 of the Complaint, and aver that the terms "reasonable person," "the conduct," "significant," "trivial," and "petty" are vague, ambiguous, and undefined. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiff may have "actually believed,"

and otherwise deny the allegations contained in the second sentence in Paragraph 91, and aver that the terms "the conduct," "trivial," and "petty" are vague, ambiguous, and undefined.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93. Defendants repeat each and every response to Paragraphs 1 through 92 of the Complaint as if set forth fully here.

94. Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96. Defendants repeat each and every response to Paragraphs 1 through 95 of the Complaint as if set forth fully here.

97. Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100. Defendants repeat each and every response to Paragraphs 1 through 99 of the Complaint as if set forth fully here.

101. Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102. Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103. Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104. The first sentence in Paragraph 104 of the Complaint is garbled and unintelligible as written, and thus Defendants are not able to respond to the first sentence as written; however, to the extent a response is deemed required, Defendants deny the allegations contained in the first sentence in Paragraph 104, and aver that the term "reasonable woman" is vague, ambiguous, and undefined. Defendants deny knowledge or information sufficient to form a belief as to the truth of

the allegations concerning what Plaintiff may have "actually believed," and otherwise deny the allegations contained in the second sentence in Paragraph 104.

105. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what an unidentified "reasonable person" would have considered, and otherwise deny the allegations contained in the first sentence in Paragraph 105 of the Complaint, and aver that the terms "reasonable person," "the conduct," "significant," "trivial," and "petty" are vague, ambiguous, and undefined. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiff may have "actually believed," and otherwise deny the allegations contained in the second sentence in Paragraph 105, and aver that the terms "the conduct," "trivial," and "petty" are vague, ambiguous, and undefined.

106. Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107. Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108. Defendants repeat each and every response to Paragraphs 1 through 107 of the Complaint as if set forth fully here.

109. Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110. Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111. Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112. Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113. Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114. The first sentence in Paragraph 114 of the Complaint is garbled and unintelligible as written, and thus Defendants are not able to respond to the first sentence as written; however, to the extent a response is deemed required, Defendants deny the allegations contained in the first

sentence in Paragraph 114, and aver that the term "reasonable woman" is vague, ambiguous, and undefined. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiff may have "actually believed," and otherwise deny the allegations contained in the second sentence in Paragraph 114.

115. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what an unidentified "reasonable person" would have considered, and otherwise deny the allegations contained in the first sentence in Paragraph 115 of the Complaint, and aver that the terms "reasonable person," "the conduct," "significant," "trivial," and "petty" are vague, ambiguous, and undefined. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiff may have "actually believed," and otherwise deny the allegations contained in the second sentence in Paragraph 115, and aver that the terms "the conduct," "trivial," and "petty" are vague, ambiguous, and undefined.

116. Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117. Defendants deny the allegations contained in Paragraph 117 of the Complaint.

118. Defendants repeat each and every response to Paragraphs 1 through 117 of the Complaint as if set forth fully here.

119. Defendants deny the allegations contained in Paragraph 119 of the Complaint.

120. Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121. Defendants deny the allegations contained in Paragraph 121 of the Complaint.

## DEFENSES

### FIRST DEFENSE

122. The Complaint, and each and every claim and cause of action contained in the Complaint, fails to state a claim upon which relief may be granted against Defendants.

### SECOND DEFENSE

123. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, res judicata, unclean hands, after-acquired evidence, and/or waiver.

### THIRD DEFENSE

124. Plaintiff's claims are barred, in whole or in part, because her employer had in effect, at all relevant times, a procedure for employees to address claims of harassment or other discriminatory treatment, and exercised reasonable care to prevent and promptly correct any allegedly discriminatory or retaliatory treatment, and Plaintiff failed to utilize such procedure(s).

### FOURTH DEFENSE

**125.** Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate her claimed damages.

### FIFTH DEFENSE

126. Plaintiff's claims are barred to the extent she failed to satisfy a condition precedent prior to commencing this lawsuit.

### SIXTH DEFENSE

127. All employment-related decisions made with respect to Plaintiff, or which affected Plaintiff, were made in good faith, for legitimate, non-discriminatory and non-retaliatory reasons, and were based upon reasonable factors other than any alleged protected activity by Plaintiff.

## SEVENTH DEFENSE

128. Plaintiff's retaliation claim fails due to lack of any causal connection between allegedly protected activity and any adverse employment action.

## EIGHTH DEFENSE

129. Plaintiff's retaliation claim fails due to lack of any adverse employment action or any action reasonably likely to deter a person from engaging in protected activity.

## NINTH DEFENSE

130. Plaintiff fails to state a claim against GmbH and/or Jonas Weber as such named parties were not Plaintiff's "employer."

## TENTH DEFENSE

131. Plaintiff fails to state a claim for employer liability under Section 8-107 of the New York City Administrative Code.

## ELEVENTH DEFENSE

132. To the extent Plaintiff alleges and proves that any Defendant is liable based solely on the conduct of an employee, agent, or independent contractor, prior to any alleged discriminatory conduct for which it is held liable, Defendant had (pursuant to § 8-107[13] of the New York City Administrative Code):  (i) Established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees, agents and persons employed as independent contractors;  and (ii) A record of no, or relatively few, prior incidents of discriminatory conduct by such employee, agent or person employed as an independent contractor or other employees, agents or persons employed as independent contractors.

**TWELFTH DEFENSE**

133. Plaintiff's claims are barred, in whole or in part, because Defendants are not liable for any alleged wrongful action(s) taken by its employees that were not authorized, condoned, or approved of by Defendants.

**THIRTEENTH DEFENSE**

134. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**FOURTEENTH DEFENSE**

135. This Court may not assert personal jurisdiction over Defendants COLORSxSTUDIOS GMBH and/or Jonas Weber.

**WHEREFORE,** Defendants demand that the Complaint be dismissed and that the Court grant Defendants their costs, disbursements, and attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 15, 2025

                    COZEN O'CONNOR
                    *Attorneys for Defendants*

By: _____
Michael C. Schmidt
3 World Trade Center
175 Greenwich Street – 55th Floor
New York, New York 10007
(212) 453-3937