

**Carrie J. Dyer Elrod, Esq.**
Direct Dial: (614) 610-9899
Email: Carrie@MansellLawLLC.com

February 18, 2026

**Via ECF**

The Honorable Margaret M. Garnett
United States District Court,
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

    Re:    *Winnie Sabbat v. COLORSxSTUDIOS, INC., et al.*
              Case No.: 25-CV-05819 (MMG)

## Joint Letter & Proposed Case Management Plan

Dear Judge Garnett:

     I represent Plaintiff Winnie Sabbat in the above-referenced matter. I write jointly with Defendants. This case has been scheduled for an Initial Pretrial Conference on February 26, 2026 at 9:30 A.M. (ECF No. 10) The parties respectfully submit this Joint Letter and accompanying joint proposed Case Management Plan and Scheduling Order in accordance with Your Honor's Individual Rules of Practice in Civil Cases.

    **I.**    **Overview of the Case**

<u>Plaintiff's Position</u>

     This action arises out of Plaintiff Winnie Sabbat's employment with Defendants COLORSxSTUDIOS, Inc., COLORSxSTUDIOS GMBH (together, "COLORS"), and Jonas Weber, the company's Chief Executive Officer. Plaintiff asserts claims under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") for gender discrimination, hostile work environment, quid pro quo sexual harassment, and retaliation. Defendants deny Plaintiff's allegations and contend that all employment-related decisions were made for legitimate, non-discriminatory, and non-retaliatory reasons.

     Plaintiff began working with COLORS in or around August 2023 as a consultant to Mr. Weber. She alleges that, following positive performance, she was offered and accepted full-time employment as Chief Financial Officer and a seat on the Board of Directors, effective in early 2024. In her role as CFO, Plaintiff reported directly to Mr. Weber and worked closely with him on executive and financial matters. Plaintiff performed her job duties from New York.

Plaintiff alleges that early in her working relationship, she and Mr. Weber engaged in communications that she characterizes as flirtatious. She further alleges that in or around January 2024, she informed Mr. Weber that she had developed romantic feelings and inquired about exploring a relationship, and that Mr. Weber declined. Plaintiff accepted that response, and she contends that she thereafter requested that their relationship remain strictly professional and sought to establish boundaries limiting communications to business channels and business-related topics.

Plaintiff alleges that, following that conversation, Mr. Weber engaged unwelcome and inappropriate conduct, including persistent personal communications, unwanted physical contact during work-related meetings and travel, and efforts to meet with Plaintiff outside of ordinary business settings. Plaintiff alleges that despite her efforts to reinforce professional boundaries, Mr. Weber continued this conduct and that she repeatedly rejected it.

Plaintiff further alleges that after she declined Mr. Weber's advances and raised concerns about his behavior, her work environment changed. She contends that she was excluded from meetings, had responsibilities reduced or reassigned, was criticized regarding her performance and leadership, and was otherwise undermined within the organization. Plaintiff alleges that in July and November 2024 she raised concerns with Mr. Weber about his conduct and what she perceived as retaliatory treatment. According to the Complaint, on or about November 18, 2024, Plaintiff proposed a transition plan under which she would step down as CFO while remaining on the Board of Directors. Plaintiff alleges that Mr. Weber reacted negatively and terminated her employment shortly thereafter. She further alleges that Defendants subsequently requested that she characterize her separation as a resignation, which she declined to do.

Based on these allegations, Plaintiff asserts causes of action under the NYSHRL and NYCHRL for gender discrimination, hostile work environment, quid pro quo sexual harassment, and retaliation. She seeks compensatory damages, including back pay and benefits, front pay, lost equity compensation, and damages for emotional distress, as well as punitive damages, attorneys' fees, costs, and other relief.

Defendants' Position

Defendants deny Plaintiff's allegations of wrongdoing and, specifically, deny that Plaintiff was subjected to unlawful discrimination, harassment, or retaliation at any point. As Plaintiff's Complaint concedes at the beginning, it was Plaintiff who approached Mr. Weber about wanting to have a personal relationship outside of work, and Mr. Weber rejected her proposal and stated expressly that he only wanted to keep their relationship professional. In light of that, Plaintiff's allegations ultimately are non-sensical and Defendants believe they will be demonstrated to be false. Defendants also believe the evidence will show that Plaintiff's engagement with the company ended for legitimate, business reasons.

The Parties Joint Position on Discovery

The parties anticipate that discovery will include document production and electronic communications, as well as depositions of Plaintiff, Mr. Weber, and other current or former

COLORS employees. The parties further anticipate that issues to be explored in discovery will include the nature of the parties' communications, the circumstances surrounding Plaintiff's employment and termination, Defendants' asserted performance concerns, and Plaintiff's claimed damages.

## II.     Contemplated Motions

The parties do not contemplate filing any motions at this time, although Defendants anticipate that discovery will warrant the filing of a post-discovery dispositive motion for summary judgment.

## III.    Prospect for Settlement

The parties attended a court-facilitated mediation on January 22, 2026. The parties were unable to make meaningful progress toward settlement. We believe the parties must engage in discovery before revisiting the possibility of a productive settlement discussion.

Sincerely,

**Mansell Law LLC**

*/s/ Carrie J. Dyer Elrod*

Carrie J. Dyer Elrod, Esq.

*cc: All counsel of record, via ECF*